■ In the Matter of EDITH MINTZ, Respondent. LOUIS MINTZ et al., Respondents; MAX MINTZ, Appellant.—In a proceeding pursuant to CPLR 3102 (subd [c]) to compel certain persons and corporations to submit to examinations before the commencement of an action, Max Mintz appeals from so much of an order of the Supreme Court, Queens County, dated December 14, 1976, as directed him to submit to an examination in his individual capacity and as an "ostensible" officer and director of the 4-Tune Lamp Co., Inc., and Molomax Realty Corp. Order affirmed insofar as appealed from, with $50 costs and disbursements. The examination shall proceed at the place designated in the order under review, at a time to be fixed by petitioner in a written notice of not less than 10 days, or at such other time and place as the parties may agree. In December, 1946 the petitioner inherited 5.74 shares of 4-Tune Lamp Co., Inc., and 5.79 shares of Molomax Corp., both close real estate corporations managed by her brothers-in-law. The petitioner alleged that, upon informal inquiry, she learned that assets of these corporations had been transferred to two other entities and that such assets had been used for the acquisition and development of lands which brought considerable annual financial returns. The petitioner sought to examine the appellant Max Mintz, among others, prior to the commencement of an action for waste and misuse of corporate assets and for an accounting, so that she could frame a complaint and ascertain the identity of who the defendants should be. Although the petitioner has established a viable cause of action, she does not possess specific information to define the transactions to which she refers. We hold that she is entitled to such information and to ascertain who the prospective defendants should be. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.